| 49 | 85 |
|----|-----|
| 91 | 168 |

| 49 | 85 |
|-----|----|
| 108 | 16 |

</div>

<div align="center">

### The State v. Read.

</div>

1. **Criminal Law:** CHANGE OF VENUE. An application for a change of venue, both on account of local prejudice and of prejudice of the judge, having been refused, the judge stated, when a juror was challenged for cause, "I intend to give the defendant a better jury than he is entitled to": *Held*, that the application on account of prejudice of the judge should have been granted.

<div align="center">

*Appeal from Decatur District Court.*

FRIDAY, JUNE 14.

</div>

THE defendant was indicted for feloniously breaking into

the court-house building of Decatur county with intent to steal. There was a trial and conviction. The defendant appeals.

*Warner & Bullock,* for appellant.

*J. F. McJunkin, Attorney General,* for the State:

ADAMS, J.—The defendant applied for a change of venue

1. CRIMINAL law: change of venue. from the county and district, upon the ground that it was the court-house of that county which the defendant was charged with having entered; that the judge is a resident and a taxpayer of that county, and that he and the people of the county are so prejudiced against him that he cannot have a fair trial. The application was supported by the affidavits of eighteen persons. Two of the affiants say in their affidavits that the prejudice and excitement are so high among the people of that county against the defendant that they have heard threats in different parts of the county that if the defendant was acquitted he would be hung before he could get out of the county, and that his attorneys, Warner & Bullock, would be hung also if they acquitted the defendant; and that the excitement and prejudice are general throughout the county. Three others say in their affidavits that the excitement and prejudice are general. One other says in his affidavit that he has heard threats in different parts of the county against the defendant that he would be hung if acquitted, and numerous threats that he ought to be hung, and that the excitement and prejudice are general. Four others say in their affidavits that mob violence was openly talked in the streets by the people of the county. Three of the affiants said that they believed that the judge was so prejudiced that the defendant could not obtain a fair trial.

The State filed counter-affidavits of fifty-three residents of the county to the effect in substance that they knew of no

excitement or prejudice among the people of the county, and that the defendant could have a fair trial in that county.

While the affidavits of the State are of a negative character, we are inclined to think that they are such that we should not be justified in holding that the court abused its discretion, were it not for a fact which afterward occurred. It is shown that while the jury was being impaneled the defendant's attorney challenged a juror for cause, and the court said to the attorney, in the presence of the jury, "I will consider the matter. I intend to give the defendant a better jury than he is entitled to." This remark indicates to our mind, quite unmistakably, prejudice on the part of the judge, and we think that the change should have been granted from the district. A new trial is ordered.

<div align="right">REVERSED.</div>